Submitted on brief of appellant January 23; modified
February 4, 1947

## DUKE *v.* McLAREN
(177 P. (2d) 414)

*A. C. Yaden,* of Klamath Falls, for appellant.

No appearance for respondent.

WINSLOW, J. (Pro tem.)

This is an appeal from a decree of the Circuit Court
for the State of Oregon for Klamath County. The suit
involves a foreclosure of a chattel mortgage and three
contracts which had to do with the leasing of a taxicab
business and certain automobiles used in connection
therewith.

The first of these contracts was dated the 31st of
May, 1939. A copy of the contract is attached to the
complaint as Exhibit C. This contract is between

Bertha Duke and respondent's decedent. It was afterward assigned by Bertha Duke to appellant. It will not be necessary to make further mention of this contract.

The second contract is dated the 22nd of December, 1939, and is between appellant and respondent's decedent. It provided for the leasing by appellant to respondent's decedent of a business name known as "Yellow Cab Company." There was leased, along with this name, the business which had theretofore been carried on by the Yellow Cab Company, and one automobile. This lease provides for payments at the rate of forty dollars per month and extended for a period of six years and provides that, upon the failure of respondent's decedent to comply with the terms thereof by making the payments therein provided, appellant should have the right to repossess himself of the uses, privileges and property let by said contract, and to repossess his former estate therein. Respondent's decedent took over the operation and made his payments for a short period of time and then defaulted.

In March of 1941, the arrangement was modified, or "enlarged" as the parties termed it, by the execution of two additional documents. One we shall refer to as a chattel mortgage, a copy of which is attached to appellant's complaint as Exhibit D, purporting to secure a promissory note for $300 on two automobiles. On the same day a supplemental agreement was executed between the parties which the parties saw fit to designate as an enlargement of the lease agreement dated December 22, 1939, and referred to above. Again, a copy of this agreement is attached to appellant's complaint as Exhibit B. It provides, among other things, that "time is of the essence of this agreement

and that if the second party [respondent's deceased] shall fail to pay the aforesaid rental within forty days of the date when due, that then the lease of December 22, 1939, shall terminate and cease, and that first party [appellant] shall be entitled to immediately resume the name of the 'Yellow Cab Company' and repossess herein the property let by said lease of December 22, 1939, including the phone numbers and taxi stands mentioned therein, and shall take over all the rolling stock being used under the name and style of 'Yellow Cab Company' by George W. Duke * * *.'' Said contract further purports to provide that any delinquent payments shall be a lien on subsequently acquired automobiles.

The evidence shows that the chattel mortgage represents delinquent payments on the contract dated December 22, 1939. The evidence further establishes that respondent's decedent did not make the payments under the terms of the chattel mortgage nor under the modified agreement, and, on account thereof, this suit was commenced to foreclose the contracts and the chattel mortgage.

It appears from the record that the rolling stock, as the same is termed, had been partly repossessed by third parties and partly disposed of by respondent's decedent. The lower court was, therefore, unable to provide for the sale of any of said property in order to satisfy the amounts due on the contracts and chattel mortgage, but the court did render a money judgment in favor of appellant and against the estate of George W. Duke for the amount due on the chattel mortgage, to-wit, $300, with interest, and the balance due on the lease, to-wit, $680, together with $150 attorney's fees.

The court did not require respondent to return to appellant the assumed business name, ''Yellow Cab

354

Company.'' It is for that reason that this appeal has been prosecuted. The only question involved is the right of appellant to receive back this trade name.

In fairness to the trial court, it should be said that the prayer of appellant's complaint did not specifically request the return of said trade name, but subdivision (h) of the prayer did ask ''that plaintiff be awarded such further and other relief as to equity and good conscience shall appertain.'' Under the record as made, respondent's deceased was in default in his performance, and, under the plain provisions of the contracts referred to above, appellant was entitled to the return of said name.

■ A trade name of this character is obtained by filing with the county clerk of the county in which the name is to be used. § 43-502, O. C. L. A. The manner of transferring such a name is for one party to file a withdrawal and the other party to file under this statute. The record in this case shows that, after the making of the contracts, respondent's decedent did file under the statute referred to and did adopt the trade name which was leased to him by virtue of the contracts referred to above. George W. Duke is now deceased.

Section 43-504, O. C. L. A., as amended, provides for a withdrawal from the use of such name in the following language:

''* * * and whenever any person, or persons, shall retire from such business, or copartnership, or the same shall be dissolved, such person or persons, *or in case of his or their death or incapacity the legal representatives of such person or persons,* shall file with such county clerk, or clerks, a certificate reciting that he or they have retired therefrom * * *.'' (Italics supplied.)

■ We find, and the trial court so found, that respondent's deceased defaulted in his performance of the contracts referred to. Upon such default, appellant was entitled to the return of the assumed business name, "Yellow Cab Company."

The decree will, therefore, be modified by inserting therein a requirement that said trade name shall be returned by respondent to appellant and that said respondent shall within thirty days of the entry of said decree file a certificate of withdrawal under the provisions of Section 43-504, O. C. L. A., as amended by Chapter 297, Oregon Laws 1945; or, in case of his failure to file such certificate of withdrawal within said time, the decree shall stand in lieu thereof. Neither party hereto shall recover his costs or disbursements on this appeal.

KELLY, J., did not participate in this opinion.